UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

MARIA E. WAGNER and
KEVIN WAGNER,

                Plaintiffs,

      v.

THE SHERWIN-WILLIAMS COMPANY and
SHERWIN-WILLIAMS DEVELOPMENT,

                Defendants.

**DECISION AND ORDER**
05-CV-745A

---

      Pending before the Court is a motion by plaintiffs Maria and Kevin Wagner to bifurcate the liability and damages phases of the trial scheduled for October 20, 2010. In support of their motion, plaintiffs contend that the liability phase is straightforward and would take no more than two or three days. In contrast, according to plaintiffs, the damages phase could add as many as 10 days to the trial and would not be necessary unless the jury found defendants liable. In opposition to the motion, defendants contest plaintiffs' estimate of the duration of the damages phase. More importantly, defendants contend that the liability and damages phases are inextricably intertwined because the nature of plaintiffs' claimed injuries bear on whether the alleged defective condition in question had been dangerous by its very nature. The Court held oral argument on September 24, 2010.

"For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims. When ordering a separate trial, the court must preserve any federal right to a jury trial." Fed. R. Civ. P. 42(b). "[T]he court's power to sever claims and order separate trials is . . . discretionary, requiring it to balance the factors of benefit and prejudice that will result from the alternative courses." *Garber v. Randell*, 477 F.2d 711, 714 (2d Cir. 1973). After considering the written and oral arguments from the parties, the Court finds that bifurcation likely would hamper defendants' ability to present the jury with what appears to be their principal trial theory—that plaintiff Maria Wagner cannot establish proximate cause, because her alleged injuries after the incident are indistinguishable from various chronic conditions that she had before the incident. Regardless of whether the jury ultimately accepts or rejects that theory, hampering defendants' ability to present it outweighs any economic benefit from what would be—if defendants won—a shorter trial.

For the above reasons, the Court denies plaintiffs' motion (Dkt. No. 19/22).

SO ORDERED.

            *s/ Richard J. Arcara*
            HONORABLE RICHARD J. ARCARA
            UNITED STATES DISTRICT JUDGE

DATED: September 27, 2010